UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE FILTA GROUP, INC.,

      Plaintiff,

v.                                               Case No.: 6:24-cv-171-WWB-RMN

PATRICK MICHAEL GARRY and MMG
ENTERPRISE, LLC,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Final Default Judgment and Permanent Injunction Against Both Defendants (Doc. 27). United States Magistrate Judge Robert M. Norway issued a Report and Recommendation ("**R&R**," Doc. 28), in which he recommends that Defendants' Motion be granted in part. Plaintiff filed Objections (Doc. 29).

**I.    BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 28 at 1–2).

**II.    LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's

report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.    DISCUSSION

In its Motion, Plaintiff seeks a damages award of $311,726.80, a determination that it is entitled to recover attorneys' fees and costs, and the entry of a permanent injunction against Defendants prohibiting further acts of infringement and unfair competition and freezing certain assets and ordering those assets to be transferred to Plaintiff to satisfy the judgment. (Doc. 27 at 19). With respect to attorneys' fees and costs, the Magistrate Judge recommends finding that Plaintiff is entitled to recover its fees and costs in an amount to be determined in accordance with Local Rule 7.01(c). (Doc. 28 at 19). Plaintiff does not object to this recommendation and, after an independent de novo review of the record, the Court agrees with the analysis set forth in the R&R regarding this issue.

In the R&R, the Magistrate Judge recommends that the Court award monetary damages of $16,347.84 with respect to Plaintiff's lost royalties and find all other monetary damages too speculative. (Doc. 28 at 8–11). Plaintiff objects to the exclusion of lost service fees and lost franchise fees. With respect to the service fees, Plaintiff argues that the recommendation that it be awarded lost royalties, but not service fees, for the remaining life of the underlying franchise agreement is inconsistent. The Court disagrees.

The award of royalty payments is intended to approximate the business that, but for Defendants' wrongful actions, would have accrued to Plaintiff. Plaintiff, however, would not have received a service fee from Defendants after the termination of the relationship even absent wrongful conduct by Defendants. Instead, Plaintiff would have attempted to collect such a fee from a new franchise partner, similar to the lost franchise fees. Thus, the Court disagrees that the failure to treat the service fees and royalty payments the same was error.

With respect to the franchise fees, Plaintiff merely directs the Court to the same conclusory arguments and evidence it presented to the Magistrate Judge. However, absent from that evidence is any indication that Plaintiff's inability to find "a suitable replacement" for one or both territories is a result of any wrongful conduct on the part of Defendants. (Doc. 27-1, ¶¶ 7–8). Simply put, the Court agrees that Plaintiff has failed to come forward with any evidence that makes a logical connection between Defendants' continued use of Plaintiff's marks and breaches of the Separation Agreement and Plaintiff's failure to locate a replacement franchisee in one or both markets and the collection of franchise and service fees.

Alternatively, Plaintiff argues that based on the recommended finding that Defendants' actions were willful, it is entitled to enhanced damages pursuant to 15 U.S.C. § 1117(a). The R&R is silent as to this argument, but the Court is not persuaded by Plaintiff's conclusory arguments that this case merits such an award. *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994). Despite Plaintiff's dissatisfaction with the sum, the Court finds that Plaintiff has failed to show the Court that it is not adequately compensated for any losses by an award of its lost royalty fees without

trebling damages. *See Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-Orl, 2019 WL 13037031, at *2 (M.D. Fla. Apr. 2, 2019); *Hosp. Int'l, Inc. v. Sitaram, Inc.*, No. 3:12-cv-1145, 2013 WL 6798927, at *6 (M.D. Fla. Dec. 23, 2013). Therefore, Plaintiff's objections with respect to the monetary damages to be awarded will be overruled.

With respect to injunctive relief, the Magistrate Judge recommends that relief be granted but be limited in scope to use of Plaintiff's marks because Plaintiff has failed to allege or establish any basis to find Defendants have or will attempt to hide funds to frustrate collection of a monetary judgment in this case. (Doc. 28 at 14–16). Plaintiff objects to the recommendation that an asset freeze and transfer be denied. However, Plaintiff fails to provide any additional evidence or argument to support its request for an asset freeze and transfer and the Court agrees with the R&R that such relief does not appear necessary or proper in this case. Furthermore, Plaintiff has not made any attempt to identify the specific assets it seeks to freeze or to show that such assets are directly traceable to the allegedly improper activities at issue in this case. *See AMPB Exps., Inc. v. Metal Scrap Sols., LLC*, No. 1:22-CV-4026, 2022 WL 22436412, at *5 (N.D. Ga. Oct. 14, 2022).

Plaintiff also argues that the R&R failed to address its request "to enjoin Defendants from 'competing with Plaintiff and soliciting customers.'" (Doc. 29 at 8 (quoting Doc. 27 at 19)). While the Court agrees that this argument was not addressed in the R&R, the Court also fails to see this argument raised in the underlying Motion. In fact, the Court does not find the quoted language, or any approximation thereof, in the Motion or in the injunctive relief requested in the Complaint. (*See generally* Doc. 1 at 24–25; Doc. 27). "[D]istrict courts have wide latitude when deciding whether to consider

4

arguments first raised in a movant's objections." *Rios v. United States*, No. 17-23715-CIV, 2018 WL 7252900, at *1 (S.D. Fla. Jan. 10, 2018) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)); *see also Winslett v. Nutribullet, L.L.C.*, No. 19-14089-CIV, 2020 WL 3316022, at *1 (S.D. Fla. Mar. 30, 2020) (collecting cases). Here, Plaintiff first raises this request in its Objections and does so only in a conclusory manner without sufficiently stating the relief it seeks or a legal basis for its entitlement thereto. Accordingly, Plaintiff's objections as to the scope of injunctive relief will also be overruled.

**IV.   CONCLUSION**

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 29) are **OVERRULED**.
2. The Report and Recommendation (Doc. 28) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
3. Plaintiff's Motion for Final Default Judgment and Permanent Injunction Against Both Defendants (Doc. 27) is **GRANTED in part** as set forth in the R&R and this Order and **DENIED** in all other respects.
4. Defendants, and all persons and entities acting on behalf of, in concert with, or under the control and direction of Defendants, are **PERMANENTLY ENJOINED** and **RESTRAINED** from using FILTA Marks in connection with the sale, marketing, promotion, and distribution of on-site services to restaurants, catering establishments, and institutional kitchens. This includes: Filta Environmental Kitchen Solutions®; FiltaFry® fryer maintenance services; FiltaBio® collection and sale of waste cooking oil;

5

FiltaCool® services for refrigeration units and walk-in coolers; FiltaGold® cooking oil delivery; and FiltaDrain® drain management.

5. The Clerk is directed to enter judgment in favor of Plaintiff, and against Defendants jointly and severally, in the amount of $16,347.84. Thereafter, the Clerk is directed to terminate all pending motions and close this case.

6. The Court retains jurisdiction to resolve the issue of attorneys' fees and costs. On or before **April 11, 2025**, Plaintiff shall file a motion to award attorneys' fees and nontaxable costs in accordance with Local Rule 7.01(c). The failure to time file a motion may result in the denial of fees and costs without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record